WILLIAM D. TAYLOR *vs.* EMELINE NUTTLE and SAMUEL G. NUTTLE, by their next friend, TILGHMAN NUTTLE.

*Caveat to a Will—Issues sent from the Orphans' Court to a Court of Law for Trial—Undue influence—Duty of the Court of Law to instruct the Jury as to what constitutes Undue influence.*

Issues sent from the Orphans' Court to a Court of law for trial, should be so framed as to present plainly and distinctly the questions of fact in controversy, care being taken to avoid multiplying the same unnecessarily, and also presenting the same question substantially in two or more issues.

Issues growing out of a caveat to a will, sent by the Orphans' Court to a Court of law for trial, should not undertake to define the nature and degree of influence, exerted upon the testatrix, which would render her will void. It is the duty of the Court of law before whom the issues are tried, to instruct the jury what constitutes such undue influence as would vitiate the will; and it is not the province of the Orphans' Court to explain or qualify the same.

APPEAL from the Orphans' Court of Caroline County.

The appeal in this case was taken from an order of the Orphans' Court of Caroline County, directing certain issues growing out of the caveat, and additional caveat to the last will and testament of Mary Belle Taylor, deceased, and the answers thereto, to be transmitted to the Circuit Court for Caroline County for trial. The case is stated in the opinion of the Court.

The cause was submittted to ALVEY, C. J., YELLOTT, STONE, ROBINSON, IRVING, and BRYAN, J.

*Philip W. Downes,* and *Marshall S. Mutchler,* for the appellant.

Taylor *vs.* Nuttle.

No appearance for the appellees.

ROBINSON, J., delivered the opinion of the Court.

On a *caveat* to a paper purporting to be the last will and testament of Mary Belle Taylor, the following *issues* were sent by the Orphans' Court of Caroline County to the Circuit Court for trial:

1. Were the contents of the paper-writing, dated September 9th, 1883, witnessed by William H. Downes, S. Hobbs and William Hynson, and purporting to be the last will and testament of Mary Belle Taylor, read to or by the said Mary Belle Taylor, or known to her at or before the time of the alleged execution thereof?

2. What parts, if any, of the said paper-writing, were unknown to, or misunderstood by the said Mary Belle Taylor at the time of the alleged execution thereof?

3. What parts, if any, of the said paper-writing are contrary to the instructions of the said Mary Belle Taylor?

4. Is the paper-writing, bearing date the 9th day of September, 1883, the last will and testament of Mary Belle Taylor, and executed by her, with knowledge of its contents, and without the exercise of undue influence by William D. Taylor?

5. Was the said Mary Belle Taylor, at the time of the alleged execution of said paper-writing, urged thereto, by the importunities of William D. Taylor, which she was too weak to resist, and under circumstances which left her not free to act in the disposition of her estate?

6. Was the execution of the said paper-writing procured by fraud or misrepresentations by the said William D. Taylor, or any other person or persons whatsoever, acting with his privity or by his direction?

7. Is the said paper-writing void by reason of undue influence, fraudulent devices, importunities, misrepresentations and deceits practised by the said William D. Tay-

lor, or by any other person whatever, with his privity, or by his direction, to induce the said Mary Belle Taylor to execute said paper-writing?

8. Was the said Mary Belle Taylor, at the time of the alleged execution of the said paper-writing, or subsequent thereto, desirous of making another and different last will and testament, and was she prevented from so doing, by the management, fraud and undue influence or importunities of William D. Taylor, or any other person whatever, by his procurement or direction?

9. Whether the said paper-writing, dated the 9th day of September, 1883, witnessed by Doct. William H. Downes, Saulsbury Hobbs and William Hynson, and purporting to be the last will and testament of the said Mary Belle Taylor, was revoked after the making and execution thereof?

10. Is the said paper-writing, bearing date 9th day of September, 1883, and witnessed by Saulsbury Hobbs, Doct. William H. Downes and William Hynson, the last will and testament of the said Mary Belle Taylor?

Issues are sent to a Court of law for trial in order that the questions of fact in dispute between the parties may be determined by the jury under instructions by the Court. The verdict of the jury upon such issues, is binding on the Orphans' Court, and it is of the utmost importance, therefore, that the issues should be so framed, as to present plainly and distinctly the questions of fact in controversy, care being taken to avoid multiplying the same, and especially presenting the same question substantially in two or more issues.

Now in this case, the *caveat* and answers thereto, involved questions of *fraud, undue influence and knowledge on the part of the testatrix, of the contents of the paper purporting to be her will;* and issues presenting these questions and none others, should have been sent to the Circuit Court for trial.

The first, second and third issues, in regard to the knowledge on the part of the testatrix of the contents of the paper set up as her will, are word for word, the issues approved in *Munnikhuysen vs. Magraw*, 35 *Md.*, 280, and there can be no objection therefore to them.

The fourth issue is objectionable, however, for two reasons, first, because it presents substantially, the question involved in the first, second and third issues; and besides, it presents another distinct and independent issue, the question of *undue influence*. Issues like pleadings should be framed so that the jury can give an answer one way or the other to the entire question.

The fifth issue is also objectionable, because it undertakes to define the nature and degree of influence exerted upon the testatrix which would render her will void. It is the duty of the Circuit Court before whom the issues are to be tried, to instruct the jury what constitutes such undue influence as would vitiate the will, and it is not the province of the Orphans' Court to explain or qualify the same.

The cases of *Sumwalt vs. Sumwalt, et al.*, 52 *Md.*, 347, and *Brewer and McColgan, Executors, et al. vs. Barrett, et al.*, 58 *Md.*, 592, are decisive upon this point.

The sixth and seventh issues are intended to present the questions of fraud and undue influence, and the proper issues to present these questions plainly and distinctly, are:—

1st. Whether the paper-writing purporting to be the will of Mary Belle Taylor was procured by undue influence exercised and practised upon her?

2nd. Whether said paper-writing was procured by fraud exercised and practised upon the said Mary Belle Taylor?

The eighth issue in regard to the question of revocation, is clearly defective. "A will once made," say the Court in *Brewer and McColgan, Ex'rs, et al. vs. Barrett, et al.*, 58 *Md.*, 592, "is good and valid until it is revoked. What

constitutes a revocation is well defined and settled. After it is once duly and properly made, nothing can affect or render inoperative, a will, but a revocation of it, and it is the duty of the Court before whom these issues may be tried, to inform the jury what facts are necessary to constitute a revocation."

We do not understand from the *caveat* and answers, that the question of revocation *vel non*, was a matter of dispute between the parties. If, however, it be a matter of controversy, the question is properly presented by the ninth issue.

There can be no objection of course to the tenth issue, whether the paper-writing bearing date the 9th day of September, 1883, is the last will and testament of the said Mary Belle Taylor?

The order of the Orphans' Court, passed on the 11th day of March, 1884, must, therefore, be reversed and the cause remanded, to the end that issues may be sent to the Circuit Court, in conformity with the opinion of this Court.

*Order reversed, and*
*cause remanded.*

(Decided 19th June, 1884.)