---
Connelly, *et al. vs.* Beall.

---

---

SARAH A. CONNELLY, MARY JANE WELSH, and ED-WARD P. WELSH *vs.* SUSAN A. BEALL.

*Framing issues on a Caveat to a Will—Custody of Will.*

In framing issues of fact for the jury on a caveat to a will, it is error in the Orphans' Court to multiply them by submitting an issue as to whether the testatrix was of sound and disposing mind, and capable of making a valid deed or contract, such being the standard of mental capacity prescribed by statute to enable a party to make a valid will, and then submitting another issue as to whether she had sufficient mental or testamentary capacity to know the nature and extent of her property, and the relative claims of those who should have been the objects of her bounty.

In ordering issues on a caveat to a will to be sent to a Circuit Court for trial by jury, it is error in the Orphans' Court to direct the transmission of the disputed paper writing with such issues, section 389 of Article 93 of the Code expressly providing that at the trial in any Court of this State of any issue involving the validity of a will, a *subpœna duces tecum* may issue on the special order of the Court holding such trial, requiring the register of wills to produce such paper in evidence, but that the said will shall not at any time be taken out of the care and custody of said register.

APPEAL from the Orphans' Court of Montgomery County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, PAGE, MCSHERRY, and BRISCOE, J.

*James B. Henderson,* (with whom was *George Peter,* on the brief,) for the appellants.

*H. O. Claughton,* (with whom were *W. Veirs Bouic,* and *Thomas Anderson,* on the brief,) for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court of Montgomery County directing certain issues to be transmitted to the Circuit Court for that county to be tried. These issues were formed on a caveat to the will, or paper writing purporting to be the will, of Catharine A. Whalan, deceased. The appellee here is the caveator, claiming as sole heir and next-of-kin of the deceased, and the appellants, the caveatees, claim under the will.

There were six issues formed and ordered to be transmitted for trial. They are:—

1st. Whether the paper writing, dated the 28th of September, 1844, purporting to be the last will and testament of Catharine A. Whalan, is the last will and testament of said deceased?

2nd. Whether the said paper writing, dated, &c., was executed by the said Catherine A. Whalan, when she was of sound and disposing mind, and capable of making a valid deed or contract?

3rd. Whether the said paper writing was executed and attested as required by law to pass the title to real estate?

4th. Whether the said paper writing was procured by the fraud, circumvention, undue influence, and misrep-

resentation of Thomas Connelly, practiced upon her at a time when, from her diseased or enfeebled mental condition, she was unable to resist the same?

5th. Whether the execution of said paper writing was obtained by the exercise of an undue influence, dominion or control over the said Catharine A. Whalan, by the said Thomas Connelly, and which, in her then condition, she was unable to resist?

6th. Whether the said Catharine A. Whalan, at the time of executing said paper writing, had sufficient mental or testamentary capacity to know the nature and extent of her property, and the relative claims of those who should have been the objects of her bounty?

The order of the Orphans' Court directed these issues to be tried, and that the paper writing, purporting to be the last will and testament of Catharine A. Whalan, and which was in the custody of the register of wills, should be transmitted to the Circuit Court with such issues.

The sixth issue is objected to as being but the mere statement of facts fully covered by, and made admissible under, the second issue; and that, if the second issue be found for the caveator, it would embrace all the facts that could be given in evidence under the sixth issue proposed. In this contention of the appellants we entirely agree. The statute has fixed the standard of mental capacity to enable a party to make a valid last will and testament. That standard is prescribed in these terms: "No will, testament or codicil shall be good and effectual for any purpose whatsoever, unless the person making the same be at the time of executing or acknowledging it, *of sound and disposing mind, and capable of executing a valid deed or contract.*" This standard prescribed by the statute requires a further definition by the Court, as to what condition of mind is required to enable a party to execute a *valid deed or contract.* But an issue formed in the

terms of the statute, presents a mixed question of law and fact; and that question can always be submitted to the jury under proper instructions by the Court. This test, as prescribed by the statute, is fully presented by the second issue; and every fact that could be offered under the sixth issue can be availed of under the second ; and there is therefore no good purpose to be subserved by attempting to bring the mind of the deceased to a different standard or test of testamentary capacity from that prescribed by the statute; and if the test proposed by the sixth issue be substantially the same as that propounded by the second issue, as it clearly appears to be, then the issues are simply duplicated in different terms. This is not allowable by any principle of pleading or practice in such cases; and such an example, to be made a precedent, as that attempted in this case, if allowed, would likely be attended with confusion and conflict of finding by the jury.    As said by this Court in the case of *Sumwalt vs. Sumwalt, et al.*, 52 *Md.*, 338, 346, "it is the duty of the Orphans' Court, in framing the issues of fact in dispute, to be determined by the jury, to present them in a plain and clear way; and that there is obvious impropriety in multiplying the issues unnecessarily; and especially in presenting the same substantial question in two separate and distinct issues." And so, in accordance with that same principle, it was held in *Pegg, et al. vs. Warford*, 4 *Md.*, 385, and *Warford vs. Van Sickle, and others*, 4 *Md.*, 397, that after issues had been awarded at the instance of a party, it was error to award the same issues substantially at the instance of any other party; and that, therefore, the latter act of forming such issues was void and of no effect.    And in the case of *Waters, et al. vs. Waters and Wife*, 35 *Md.*, 535, 547, in an action of ejectment by the heirs-at-law, assailing the validity of the will of the deceased, upon the ground of the want of testamentray capacity, the second and tenth prayers offered by the plaintiffs presented substantially the same prop-

Connelly, *et al. vs.* Beall.

osition as the sixth issue in this case, and those prayers were rejected by the Court below, and this Court held that the ruling upon those prayers was proper.

We are of opinion, therefore, that the sixth issue framed by the Orphans' Court was not a proper issue to be submitted to a jury, as to the testamentary capacity of the deceased, and should therefore be omitted.

We think there was also error in the order appealed from, in directing the transmission of the disputed paper writing to the Circuit Court with the issues framed with respect to its validity. By the Code, Art. 93, sec. 339, it is expressly provided that "every issue of *devisavit vel non* sent from a Court of equity, shall be tried in the county, &c.; at which trial said will may be adduced in evidence under the care of said register, or of any person in that behalf by him deputed, under a *subpœna duces tecum*, issued on the *special order* of the Court holding such trial; and in *like manner* such will may be produced in evidence *on the trial* in any Court of this State, of any issue involving the said will, and requiring its production, in the opinion of the said Court; but the said will *shall not at any time be taken or kept out of the care and custody of the said register, or of the person deputed as aforesaid."* It is clear, therefore, from this carefully worded provision of the statute, and the obvious reason for such care, that the paper writing, purporting to be the will in contest, should not be taken out of the custody of the register of wills, except under the conditions expressly provided by statute.

The order appealed from will be reversed, and the case remanded, to the end that the sixth issue be omitted from those to be transmitted to a Court of law for trial; and that the order omit the direction to transmit the paper writing purporting to be the will of the deceased.

*Order reversed, and*
*case remanded.*

(Decided 14th March, 1893.)