NUGENT, Pers. Rep. of Estate of Aldace Freeman Walker et al. *v.* WRIGHT

[No. 166, September Term, 1975.]

*Decided May 5, 1976.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ.

*John W. Sause, Jr.*, with whom was *Walter W. Claggett* on the brief, for George Ainslie Nugent; *Sidney S. Campen* on the brief, for Elizabeth Irwin Hazard and *W. Ben Wilson* on the brief, as Guardian ad litem for Andrew Wright, for appellants.

No brief filed on behalf of appellee.

SINGLEY, J., delivered the opinion of the Court.

This is the second visit of the estate of Aldace Freeman Walker to this Court. In the first case, Suzanne Walker Wright, Mr. Walker's daughter, had appealed from an order of the Orphans' Court for Talbot County, admitting to probate the unwitnessed holographic will of Mr. Walker. At the time the will was executed and at the time of his death, Mr. Walker was domiciled in the District of Columbia, but owned real estate in Talbot County, Maryland. The will itself had been executed in Virginia, however, and was valid under the law of that commonwealth. The order admitting the will to probate was affirmed by the Court of Special Appeals, *Wright v. Nugent*, 23 Md. App. 337, 328 A. 2d 362 (1974) and by us, *Wright v. Nugent*, 275 Md. 290, 338 A. 2d 898 (1975). At the time, a petition and caveat was pending in Talbot County.

This case is an appeal by George Ainslie Nugent, Mr. Walker's personal representative, from an order of the Orphans' Court for Talbot County framing 13 issues, three of which had been submitted by Mr. Nugent and 10 of which had been submitted by Mrs. Wright, for submission to the Circuit Court for trial, in response to Mrs. Wright's petition and caveat. We granted certiorari before the case was heard in the Court of Special Appeals.

Preliminarily, we note that an appeal, pursuant to Maryland Code (1974), Courts & Judicial Proceedings Article § 12-501, will lie from an order granting or refusing to grant issues, *Schlossberg v. Schlossberg,* 275 Md. 600, 609-10, 343 A. 2d 234, 240-41 (1975); *Holland v. Enright,* 169 Md. 390, 397, 181 A. 836, 839 (1935); 1 P. Sykes, Probate Law and Practice § 243 at 252 (1956).

The issues framed by the orphans' court are set out below. Issues (1), (2) and (3) had been suggested by Mr. Nugent; Issues (4) through (13), by Mrs. Wright:

"(1) Was Aldace Freeman Walker legally competent to make a Will on April 8, 1973?

"(2) Is the writing filed in the Petition for Probate in this proceeding, dated April 8, 1973, wholly in the handwriting of Aldace Freeman Walker?

"(3) Is the writing filed in the Petition for Probate in this proceeding, dated April 8, 1973, signed by Aldace Freeman Walker?

"(4) Was the decedent, Aldace Freeman Walker, suffering from a temporary or permanent mental illness at the time of the execution of the paper writing dated April 8, 1973, purported to be the Last Will and Testament of the decedent to such an extent as to invalidate such paper writing as a Will?

"(5) Was the decedent under any psychotic reactions marked by severe mood swings, reactions to supposed conspiracies against him, illusions,

delusions and hallucinations, on April 8, 1973, to such an extent as to invalidate such paper writing as a Will?

"(6) Was the paper writing dated April 8, 1973, purported to be the Last Will and Testament of Aldace Freeman Walker, executed while he was under the influence of drugs or alcohol to such an extent as to invalidate such paper writing as a Will?

"(7) Was George Ainslie Nugent in a confidential relationship to Aldace Freeman Walker?

"(8) If the answer to Issue No. 7 is 'yes', was the paper dated April 8, 1973, purported to be the Last Will and Testament of Aldace Freeman Walker, procured by fraud or undue influence exercised upon him by George Ainslie Nugent?

"(9) Was Aldace Freeman Walker able to understand and comprehend the legal effect of the said paper writing dated April 8, 1973, purported to be his Last Will and Testament?

"(10) Was the paper writing dated April 8, 1973, purported to be the Last Will and Testament of Aldace Freeman Walker, executed in the manner prescribed by the Laws of the State of Virginia pursuant to which the said paper writing was offered for probate in the Orphans' Court of Talbot County under the provisions of Section 5-103 of Article 93?

"(11) Did Aldace Freeman Walker knowing as a fact that the 1973 paper writing was unwitnessed, deliberately refuse to avail himself of opportunities to have the writing witnessed after its making with the intent that it not be considered as a will?

"(12) Did Aldace Freeman Walker intend to die intestate?

"(13) Is the said paper writing dated April 8, 1973, a valid Last Will and Testament of Aldace Freeman Walker?"

Mr. Nugent's appeal is from that part of the order which granted Issues (4) through (13). No appeal was entered by Mrs. Wright, nor did she file a brief or participate in the argument of the case.

Mr. Nugent raises five questions:

"I. Was it proper for the Orphans' Court to submit pure questions of law for determination by the Circuit Court?

"II. Was it proper for the Orphans' Court to submit *any* questions regarding the 'intention' of the testator to make a will when the testamentary character of the will was clear and certain on its face?

"III. Should the Orphans' Court have submitted five issues relating to the competency of the testator?

"IV. Where the caveator had raised no question of 'fraud', should an issue regarding fraud have been submitted to the Circuit Court?

"V. Was it proper to submit issues regarding 'undue influence' which invaded the province of the Circuit Court?"

The practice of transferring issues in a caveat case to a law court for trial is rooted in antiquity, P. Sykes, Contest of Wills in Maryland § 21 at 29 (1941). Prior to the revision of Code (1957), Art. 93, effective 1 January 1970, our law respecting decedent's estates, the statutory provisions relating to caveat proceedings were numerous and complex. These were replaced in 1970 by a single provision, later recodified in Code (1974), Estates and Trusts Article § 5-207, which provides in relevant part:

"(a) *Filing petition to caveat.* — Regardless of whether a petition for probate has been filed, a verified petition to caveat a will may be filed at any time prior to the expiration of six months following the first appointment of a personal representative under a will, even if there be a subsequent judicial

probate or appointment of a personal representative. If a different will is offered subsequently for probate, a petition to caveat the later offered will may be filed at a time within the later to occur of

"(1) Three months after the later probate, or

"(2) Six months after the first appointment of a personal representative of a probated will."

The Comment of the Governor's Commission to Review and Revise the Testamentary Law of Maryland (the Henderson Commission), after noting that a "single, simple procedure" had been substituted for the provisions of the prior law, continues:

"[n]o change in the prior law respecting such procedure [for the hearing of a caveat case] is intended. . . . It [the Commission] has assumed, and intends, that the prior law of Maryland will continue to apply. . . ."

By now, the rules under which issues are framed have been precisely delineated:

"An issue is a single, certain and material point arising out of the allegations of plaintiff and defendant. It is formed by affirming a matter on one side and denying it on the other. The issues must be couched in plain and easily understood terms, and they must distinctly and clearly present the point on which the caveators desire the jury to pass." P. Sykes, Contest of Wills in Maryland § 21 at 30 (1941).

Issues involve questions of fact in dispute between the parties, to be ascertained from the petition and answer, so framed that the jury can give but a single answer, *Friedel v. Blechman,* 250 Md. 270, 288, 242 A. 2d 103, 113 (1968); *Hamill v. Hamill,* 162 Md. 159, 168, 159 A. 247, 250 (1932); *Bridge v. Dillard,* 104 Md. 411, 421, 65 A. 10, 12 (1906); *Taylor v. Nuttle,* 62 Md. 342, 344 (1884). There should be but one issue

as to each question, *Zinn v. Imperial Council,* 253 Md. 183, 196, 252 A. 2d 76, 84 (1969); *Sumwalt v. Sumwalt,* 52 Md. 338, 348 (1879). It is impermissible to submit an issue which poses a pure question of law, *Vickers v. Starcher,* 175 Md. 522, 530, 2 A. 2d 678, 682 (1938), but an issue which raises a mixed question of law and fact may be submitted to a jury under proper instructions, *McSherry v. Wimsatt,* 116 Md. 652, 654, 82 A. 451, 451-52 (1911); *Connelly v. Beall,* 77 Md. 116, 118-19, 26 A. 408, 409 (1893).

Keeping this broad overview in mind, we now turn to Mr. Nugent's six contentions:

### (i)

It was error for the orphans' court to submit issues raising unmixed questions of law.

Issue (10) — "Was the paper writing dated April 8, 1973, purported to be the Last Will and Testament of Aldace Freeman Walker, executed in the manner prescribed by the Laws of the State of Virginia pursuant to which the said paper writing was offered for probate in the Orphans' Court of Talbot County under the provisions of Section 5-103 of Article 93?"

Issue (13) — "Is the said paper writing dated April 8, 1973, a valid Last Will and Testament of Aldace Freeman Walker?"

These issues clearly raise pure questions of law. This is not only unwarranted by § 2-105 (b) of the Estates and Trusts Article, but as Mr. Nugent points out, the issues are virtually indistinguishable from issues which were stricken as issues of law in *Ward v. Poor,* 94 Md. 133, 50 A. 572 (1901).

We also accept the argument that

Issue (2) — "Is the writing filed in the Petition for Probate in this proceeding, dated April 8, 1973, wholly in the handwriting of Aldance Freeman Walker?"

and

> Issue (3) — "Is the writing filed in the Petition
> for Probate in this proceeding, dated April 8, 1973,
> signed by Aldace Freeman Walker?"

submitted by Mr. Nugent properly pose the factual issue as
regards the factum of the will. As a consequence, Issues (10)
and (13) should be stricken on the additional ground that not
more than one issue should be granted as to each question,
*Zinn v. Imperial Council, supra,* 253 Md. at 192; *Sumwalt v.
Sumwalt, supra,* 52 Md. at 346.

### (ii)

> It was error for the Orphans' Court to submit
> issues concerning the "intention" of the
> testator.

### (iii)

> Extrinsic evidence is not permitted under any
> conceivable theory of law or fact.

While Mr. Nugent treated these contentions separately,
and at some length, we are satisfied that the rule of our
cases is clear, and that the contentions may readily be
treated together.

What we are here considering are:

> Issue (11) — "Did Aldace Freeman Walker
> knowing as a fact that the 1973 paper writing was
> unwitnessed, deliberately refuse to avail himself of
> opportunities to have the writing witnessed after
> its making with the intent that it not be considered
> as a will?"

and

> Issue (12) — "Did Aldace Freeman Walker intend
> to die intestate?"

which presuppose the consideration of extrinsic evidence
concerning the intention of the testator.

We start with the proposition that, in construction cases, extrinsic evidence is never admissible to show that a testator's intention was different from that which his will discloses, E. Miller, Construction of Wills in Maryland § 40 at 118 (1927) and cases there cited. We are able to discern no reason why the rule should be circumvented in a caveat case, other than possibly where there is a factual issue bearing on the question whether the provisions of a will were contrary to the testator's instructions, *Taylor v. Nuttle*, 62 Md. 342, 345 (1884); *Munnikhuysen v. Magraw*, 35 Md. 280 (1872); P. Sykes, Contest of Wills in Maryland, *supra*, § 443 at 300.

In *Byers v. Hoppe*, 61 Md. 206 (1884), where an informal bequest of $40,000.00 was handwritten on the reverse side of a half sheet of foolscap, our predecessors held that

> ". . . if the paper be perfect on its face and validly executed, and if, by its terms, it discloses that it was written *animo testandi*, it must, if voluntarily made by a competent testator, stand as his will . . . . In such case parol declarations of the deceased can never be received for the purpose of revoking, or altering, or in any way preventing the instrument from operating as a will. . . ." 61 Md. at 215-16.

Virginia, where the Walker will was executed, follows the same rule, *McBride v. McBride*, 67 Va. 476, 481 (1875).

We think that Mr. Walker's will, which is quoted below in its entirety, although informal and brief, meets the *Byers* test. It was "perfect on its face . . . and . . . by its terms, it discloses that it was written *animo testandi* . . . .":

> "5236 Macomb Street N.W.
> Washington, D. C.
>
> Sunday — April 8th, 1973
>
> "I, Aldace Freeman Walker, being of sound and disposing mind and memory, do declare this to be my Last Will and Testament.
>
> "I desire and direct upon my death, that all my property, personal and real, of which I might die

possessed be placed in a TRUST, the income of which is to be placed at the disposal of Elizabeth Irwin Hazard during the course of her natural life and that upon her death that the corpus of said TRUST be made payable to my grandson, Andrew Wright, or in the event of his demise to be made payable to my daughter, Suzanne Walker Wright.

"I appoint George Ainslie Nugent to be the Executor of my Estate to serve without bond.

Aldace Freeman Walker."

(iv)

The orphans' court should have submitted only one issue relating to competency of the decedent.

P. Sykes, Contest of Wills, *supra*, § 443 at 298, suggests that the question of competency has been traditionally raised by the following issue:

"Was the said paper writing, dated the . . . . . . day of . . . . . . . . . ., 19 . . , and purporting to be the Last Will and Testament of the said *C. D.*, executed by him when he was of sound and disposing mind and capable of executing a valid deed or contract?"

Such an issue was framed in the light of former Code (1957) Art. 93, § 349 and tracked the statutory language, "of sound and disposing mind, and capable of making a valid deed or contract." This language was intentionally changed by the Henderson Commission and now, in § 4-101 of the Estates and Trusts Article, reads, "and legally competent to make a will." See the Commission's Comment to § 4-101. Issue (1), submitted by Mr. Nugent, contains the appropriate amendment.

In addition to Issue (1), which read, "Was Aldace Freeman Walker legally competent to make a Will on April 8, 1973?",

the orphans' court granted four issues on testamentary capacity at the instance of Mrs. Wright:

"(4) Was the decedent, Aldace Freeman Walker, suffering from a temporary or permanent mental illness at the time of the execution of the paper writing dated April 8, 1973, purported to be the Last Will and Testament of the decedent to such an extent as to invalidate such paper writing as a Will?

"(5) Was the decedent under any psychotic reactions marked by severe mood swings, reactions to supposed conspiracies against him, illusions, delusions and hallucinations, on April 8, 1973, to such an extent as to invalidate such paper writing as a Will?

"(6) Was the paper writing dated April 8, 1973, purported to be the Last Will and Testament of Aldace Freeman Walker, executed while he was under the influence of drugs or alcohol to such an extent as to invalidate such paper writing as a Will?

"(9) Was Aldace Freeman Walker able to understand and comprehend the legal effect of the said paper writing dated April 8, 1973, purported to be his Last Will and Testament?

Once Issue (1) had been granted, Issues (4), (5), (6) and (9) shared the infirmity of redundancy. They violated the principle recognized in *Zinn v. Imperial Council, supra,* 253 Md. at 196, that testamentary capacity should be raised by a single issue, and, therefore, should not have been granted.

(v)

It was error for the orphans' court to submit any issue relating to fraud.

Mrs. Wright submitted Issues (7) and (8):

"(7) Was George Ainslie Nugent in a confidential relationship to Aldace Freeman Walker?

"(8) If the answer to Issue No. 7 is 'yes', was the

paper dated April 8, 1973, purported to be the Last Will and Testament of Aldace Freeman Walker, procured by fraud or undue influence exercised upon him by George Ainslie Nugent?"

Mr. Nugent maintains that it was error to submit any issue regarding fraud, which was nowhere referred to in Mrs. Wright's petition, although undue influence was. There is a clear cut distinction between the two, *Friedel v. Blechman, supra,* 250 Md. at 287-88, and an issue framed on a subject not contested must not be submitted, *Fidelity Trust Co. v. Barrett,* 186 Md. 483, 488-89, 47 A. 2d 72, 74 (1946); *Gross v. Burneston,* 91 Md. 383, 389, 46 A. 993, 994 (1900). The court, therefore, erred in granting Issues (7) and (8) in the form submitted.

### (vi)

Issues relating to "undue influence" were improperly framed.

Mr. Nugent would have us strike Issues (7) and (8) in their entirety, relying on the rule of *Taylor v. Nuttle, supra,* 62 Md. at 343, that an issue which undertakes to define the nature and degree of influence which would vitiate a will preempts the function of a court, which instructs the jury on the law.

We do not regard this reliance as entirely apposite. As Mr. Nugent says, however, the introduction of the concept of confidential relationship in Issue (7), and predicating Issue (8) upon it, comes dangerously close to redundancy, because the concept of confidential relationship is but a segment of the law of undue influence.

Because we are satisfied that Mrs. Wright is entitled to have the issue of undue influence submitted, we propose to strike Issue (7) and modify Issue (8) by excising the phrase "if the answer to Issue No. 7 is 'yes'" and by striking the words "by fraud or" leaving as the issue:

"Was the paper dated April 8, 1973 purported to be

the Last Will and Testament of Aldace Freeman Walker procured by undue influence exercised upon him by George Ainslie Nugent?"

For the reasons stated, the case will be remanded to the Orphans' Court for Talbot County for the entry of an order transmitting Issues (1), (2), (3) and (8), as amended, to the Circuit Court for Talbot County for trial.

*Order affirmed in part and reversed in part; costs of this appeal to abide the result.*