747 A.2d 772

**Rudolph HEGMON, Personal Representative
of the Estate of Alfred Fishgrund**

v.

**Peter NOVAK, Personal Representative
of the Estate of Olga Novakova.**

**No. 291, Sept. Term, 1999.**

Court of Special Appeals of Maryland.

March 8, 2000.

704

Tanya Calvelli (Richard L. Lyon and Furey, Doolan & Abell, LLP, Chevy Chase, and Edward H. Gerstenfield, Bethesda, on the brief), for appellant.

Jonathan A. Azrael (Azrael, Gann & Franz, LLP, on the brief), Baltimore, for appellee.

Argued before SONNER, ADKINS and JOHN F. McAULIFFE (Retired, Specially Assigned) JJ.

ADKINS, Judge.

We must decide in this appeal whether the Orphans' Court for Montgomery County erred when it signed an order transmitting to the circuit court the issue of whether a testator was under undue influence when she signed a will, although the petition to caveat the will only alleged that the testator was mentally incompetent. In the course of this decision, we are called upon to decide whether the 1990 amendment to Maryland Rule 6–434(d), allowing amendments to orders transmitting issues to the circuit court, changes the common law rule that an order transmitting issues is a final judgment subject to immediate appeal.

## FACTS AND LEGAL PROCEEDINGS

Alfred Fishgrund ("Fishgrund") died on January 15, 1998, while a resident of Montgomery County. His February 22, 1995 last will and testament was admitted for probate on March 2, 1998. Rudolph Hegmond, appellant, was appointed as the personal representative of the estate.

Olga Novakova, ("Novakova") the sister of Fishgrund, died on July 14, 1998. On August 28, 1998, Peter Novak, appellee and personal representative of Novakova's estate, filed a petition to caveat the will of Fishgrund. In the petition, appellee alleged that the will was without legal effect because it was executed by Fishgrund when he was mentally disabled and incompetent to execute a valid will, and because the will was not properly witnessed.

On October 20, 1998, appellee filed a petition to transmit issues pursuant to Rule 6–434. The petition sought the transmission of three issues: the two issues outlined in the petition to caveat, and a third issue—whether Fishgrund's will was the result of undue influence by appellant or others.

On February 19, 1999, after a hearing, the Orphans' Court for Montgomery County granted the petition, and transmitted three issues to circuit court. Appellant then filed this appeal.

## DISCUSSION

Appellant argues that: 1) the order transmitting the issues is immediately appealable; and 2) the issues included in the order should be limited to only those issues alleged in the petition to caveat. Appellee asserts that: 1) the order transmitting issues is not a final judgment; and 2) the orphans' court did not err in transmitting the undue influence issue to the circuit court, although it was not specifically addressed in the petition to caveat the will. We first address the appealability issue.

## I.

Appellant contends that in caveat proceedings, when issues have been framed by an orphans' court and transmitted to the

circuit court, the order of transmission is "final" and immediately appealable. Appellee argues that such an order is not appealable, because it is not a final order, and bases its argument on the 1990 amendment adding subsection (d) to Rule 6–434.

"Appellate jurisdiction . . . is [ordinarily] limited to review of final judgments." *Anderson v. Anderson,* 349 Md. 294, 297, 708 A.2d 296 (1998); *see* Md.Code (1974, 1998 Repl.Vol.), § 12–301 of the Courts & Judicial Proceedings Article ("CJ"). Maryland appellate courts are ordinarily restricted by both Maryland statute and common law to considering only those cases where final orders have been entered. When examining final orders, a court must resolve two questions: whether a final order is necessary for review in the particular case, and, if so, whether the action taken constituted a final order.

CJ section 12–501 provides: "A party may appeal to the Court of Special Appeals from a final judgment of an orphans' court." CJ § 12–501; *see also* CJ § 12–502. A final judgment is defined as: "a judgment, decree, sentence, order, determination, decision, or other action by a court, including an orphans' court, from which an appeal . . . may be taken." *Id.* at § 12–101(f). A judgment generally is considered "final" if it determines and concludes the rights involved, or denies the appellant the means of further prosecuting their rights and interests in the subject matter of the proceeding.

This Court and the Court of Appeals have often been called upon to interpret the above-mentioned statutes. In *Schultz v. Pritts,* 291 Md. 1, 432 A.2d 1319 (1981), the Court of Appeals pointed out that it had "consistently stated that a judgment or order of a court is final when it determines or concludes the rights of parties or when it denies the parties means of further prosecuting or defending their rights and interests in the subject matter of the proceeding." *Id.* at 5–6, 432 A.2d 1319; *see also McCormick v. 9690 Deerco Rd.,* 79 Md.App. 177, 182, 556 A.2d 292 (1989). "The purpose [of the finality rule] 'is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final

judgment results.'" *Sigma Reprod. Health Ctr. v. State,* 297 Md. 660, 668, 467 A.2d 483 (1983) (quoting *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949)).

■ The language of the statute defining final orders has been interpreted as providing that "appeals shall be taken only from *final* orders or decisions [of orphans' courts], those actually settling the rights of the parties." *Hall v. Coates,* 62 Md.App. 252, 255, 489 A.2d 41, (1985) (emphasis and alteration in original) (quoting *Collins v. Cambridge Maryland Hosp., Inc.,* 158 Md. 112, 116, 148 A. 114 (1930)). To constitute a final judgment within the meaning of the CJ Article, the Court of Appeals has held that an order must have three attributes: (1) it must be intended as an unqualified, final disposition of the matter in controversy; (2) it must adjudicate or complete the adjudication of all claims against all parties; and (3) the clerk must make a proper record of the order or judgment in accordance with the dictates of Rule 2–601. *See Rohrbeck v. Rohrbeck,* 318 Md. 28, 41, 566 A.2d 767 (1989); *see also Albert W. Sisk & Son, Inc. v. Friendship Packers, Inc.,* 326 Md. 152, 159, 604 A.2d 69 (1992).

■ In 1990, the Court of Appeals adopted the present Rules 6–101 through 6–501. Subsection (d) of Rule 6–434 states in pertinent part: "Upon petition, the orphans' court may amend, supplement or modify issues previously transmitted to a circuit court." Appellee suggests that the adoption of subsection (d) overrules any previous right to appeal any order transmitting issues from the orphans' court. Specifically, appellee relies on *Kao v. Hsia,* 309 Md. 366, 524 A.2d 70 (1987), for the argument that, because an orphans' court is freely allowed to amend, modify, or supplement the issues, there is no right of appeal of the issues transmitted.

We would agree with appellant's argument if the criteria for a final judgment in the context of an appeal from an order transmitting issues from an orphans' court were the same as that for other orders. The Court of Appeals has made clear, however, that it is not.

■ "Finality" for purposes of an appeal from an orphans' court transmittal of issues assumes a different meaning than any other final judgement. The Court of Appeals in *Schlossberg v. Schlossberg,* 275 Md. 600, 343 A.2d 234 (1975), explained the difference:

Our [previous] decisions ... engrafted the word 'final' upon the clause 'all decrees, orders, decisions and judgments, made by the orphans' court,' as set forth in Art. 5 § 64.... [W]e cannot construe the dictum [in a previous case] as requiring, in caveat proceedings that before such an order can be appealable it must be ' "one which finally settles some disputed right or interest of the parties",' or be 'so far final as to determine and conclude the rights involved in the action, or to deny to the party seeking redress by the appeal the means of further prosecuting or defending his rights and interests in the subject matter of the proceedings.' We hold that the use of the term 'a final judgment' as used in [CJ], § 12–501 was not intended to overrule or modify our antecedent decisions delineating the nature of orders in caveat cases which are final and appealable. We conclude that our [previous] holdings are still viable and determinative of the appealability of orders passed by the Orphans' Courts in such caveat proceedings. Thus, the 'final judgment' of an Orphans' Court are those judgments, orders, decisions, etc. which, in caveat proceedings, finally determine the proper parties, the issues to be tried and the sending of those issues to a court of law.

*Id.* at 612, 343 A.2d 234 (citations omitted).

In applying this unusual definition of a 'final judgment', *Schlossberg* relied on the 1930 decision of the Court of Appeals in *Safe Deposit & Trust Co. v. Hanna,* 159 Md. 452, 150 A. 870 (1930). The Court in *Safe Deposit* reasoned:

The order here appealed from determined the proper parties to the caveat proceeding, determined the issues to be tried, and directed that they be sent to a court of law. No tribunal other than this court has jurisdiction to review such an order of the orphans' court. In no appeal from the result of a trial, in a court of law, of the issues transmitted from

the orphans' court could this question be here reviewed. It could form no part of the record in the lower court.

*Id.* at 455, 150 A. 870.

In a case following *Safe Deposit,* the Court of Appeals clarified that the practice of allowing appeals from an order that might otherwise be considered interlocutory, is based on the limited nature of the circuit court's jurisdiction once the issues are transmitted to it:

> The court of law to which they have been transmitted has no concern whatever with anything that transpired in the orphans' court in connection with the framing of such issues. . . . 'Its province was simply to submit to the jury the determination of the issues without reference to the question whether they were properly presented by the proceedings in the orphans' court.' . . . If either party had desired to raise any question as to the form of the issues, the propriety or regularity of the proceeding in which they were framed, or the sufficiency of the pleadings to support them, it should have done so by appealing from the order granting them . . . for it could have been raised in no other way.

*Holland v. Enright,* 169 Md. 390, 395, 181 A. 836 (1935) (citations omitted).

*Holland* teaches us that because the circuit court has no jurisdiction to rule on the validity of issues transmitted, an appellate court is the only court that can review the propriety of the issues transmitted. *See also Kao,* 309 Md. at 377, 524 A.2d 70 ("[I]n an issues case, the circuit court does not exercise its original jurisdiction; it acts pursuant to a grant of special, limited, statutory jurisdiction."). Further, because the appeal is from the orphans' court order, and not any decision on the issues rendered in the circuit court, it must be taken immediately from that order, and not after the circuit court proceedings.

There is no indication that when the Court of Appeals modified subsection (d) of Rule 6–434 it intended to make a substantive change to the law regarding appeals from orders of transmittal. Rather, the records of the Rules Committee

suggest that the Court was responding to concerns raised regarding the implications arising from the Court's decision in *Kao.* In *Kao,* the Court of Appeals held that the orphans' court erred in transmitting a set of supplemental issues to the circuit court, prior to resolution of the first issues transmitted.[1] Almost immediately after the Court's *Kao* opinion, Judge McAuliffe of the Court of Appeals wrote to the Chairman of the Rules Committee stating that the inability to revoke, modify or supplement issues "is out of step with our current practice of freely allowing amendments, and wherever possible removing artificial impediments to the prompt resolution of the real issues in the case." Letter from Judge John F. McAuliffe to Judge Alan M. Wilner, Chairman of the Rules Committee (April 27, 1987). Appellee correctly points out that the Committee Note to Rule 6–434 recites that subsection "(d) changes the rule set forth in *Pegg v. Warford,* 4 Md. 385 (1853), and recently reaffirmed in *Kao* . . . ."[2]

We conclude that, although the subsection changes the *modification* rule set forth in *Kao* that "it is improper for an orphans' court to transmit issues supplemental to the issues already sent," it does not speak to the issue of appealability of orders transmitting issues. *Kao,* 309 Md. at 380, 524 A.2d 70. If the Court of Appeals had intended to modify the common law rule regarding appeals from orders transmitting issues, it would have spoken its intent to do so in explicit terms.

Accordingly, we hold that the order transmitting issues was a final judgment within the meaning of CJ section 12–101(f). We therefore turn to appellant's second contention, that the

---

1. The Court explained that the orphans' court could send successive issues. "For instance, if one set of issues involves the proper attestation of a will, and it is resolved in favor of the will, a party in interest may then require other issues dealing with mental capacity or undue influence 'or any other fact not inconsistent with the execution, attestation and publication of the paper' ". *Id.* at 380, 524 A.2d 70 (citation omitted).

2. The Minutes from the Rules Committee taken on June 19th and 20th of 1987, briefly address subsection (d) and the Committee unanimously approved the Rule.

issue of undue influence was improperly included among the issues transmitted.

## II.

A second instance of limited jurisdiction—that of the orphans' court—allows appellant to prevail on the merits. Appellant asserts that the orphans' court erred because it transmitted the issue of undue influence to the circuit court when the petition to caveat did not include that issue. As the Court of Appeals explained in *Kao,* the orphans' court's jurisdiction to resolve controversies regarding wills is strictly limited:

An orphans' court may not . . . send *any* issue of fact to a circuit court for determination. Because of the orphans' court's limited jurisdiction, it must first appear that the subject matter to which the fact relates is within the court's jurisdiction.

*Id.* at 374, 524 A.2d 70 (emphasis in original).

The *Kao* Court further quoted from its 1968 decision in *Myers v. Hart,* 248 Md. 443, 447, 237 A.2d 41 (1968):

'It is essential . . . that each issue [transmitted] meet [these] tests: (1) Does the orphans' court have jurisdiction of the subject? (2) Is the question properly before the orphans' court?' (3) Is the issue relevant and material to the question before the orphans' court?'

*Kao,* 309 Md. at 375, 524 A.2d 70. The *Kao* Court recognized, moreover, that:

These tests . . . cannot be applied unless there are pleadings in the orphans' court (**such as a petition to caveat and an answer thereto**) which demonstrate the existence of a factual controversy, . . . .

*Id.* (emphasis added). It also explained:

An issue cannot be made up in any way except upon affirmative averment on one side and denial on the other. This collision of statement is its very substance and essence.

*Id.* at 377, 524 A.2d 70 (quoting *Fidelity Trust Co. v. Barrett,* 186 Md. 483, 489, 47 A.2d 72(1946)).

The petition to caveat filed by appellee asserted only two grounds for challenging the will of Fishgrund: incapacity and improper attestation. The third issue transmitted, undue influence, was not alleged in the petition. Appellant contends, and we agree, that the orphans' court could not transmit the third issue when there had been no allegation in the petition that undue influence had been exerted over the decedent.

This question was resolved in a markedly similar case by the Court of Appeals in *Elliott v. Maryland Nat'l Bank,* 291 Md. 69, 432 A.2d 473 (1981). In *Elliott,* one issue presented to the Court of Appeals was whether the grounds of undue influence are impliedly included within a petition to caveat alleging lack of mental capacity. *See id.* at 79, 432 A.2d 473. The Court held that "[t]he contention that certain of the amended grounds for caveat, such as undue influence, are related to and possibly implied or inferred by the original grounds of the Caveat (lack of mental capacity) ... is without merit." *Id.* It characterized undue influence as a separate and distinct issue from lack of mental capacity. *See id. Compare Ritter v. Ritter,* 114 Md.App. 99, 105, 689 A.2d 101, *cert. denied,* 346 Md. 240, 695 A.2d 1229 (1997) (incompetency) *with Anderson v. Meadowcroft,* 339 Md. 218, 229, 661 A.2d 726 (1995) (undue influence).

Appellee argues that appellant did not raise the issue of undue influence at trial, and should not be permitted to do so on appeal. He also argues that appellant admitted at the trial level that appellee's petition to caveat raised undue influence. We see in the record that appellant did, indeed, state in a memorandum of law opposing the transmittal of issues to circuit court that appellee had pled undue influence. This statement was erroneous—it is clear from the Petition to Caveat that appellee did not plead undue influence. This error by appellant does not save the day for appellee because we are dealing with a jurisdictional defect. As stated above, the jurisdiction of the orphans' court is limited to the issues

alleged in the petition for caveat. *See Kao*, 309 Md. at 374, 524 A.2d 70. A mistaken statement by appellant that the issues were pled when they were not is insufficient to expand the jurisdiction of the orphans' court. For this reason, we remand to the orphans' court with directions to strike the issue of undue influence from the issues transmitted to the circuit court.

## III.

■ The third issue raised by appellant is whether appellee can amend his petition to caveat. Appellant did not raise this issue below, but asks us to consider it in our discretionary authority to do so under Rule 8–131(a). Appellant asserts that our consideration of this issue is desirable to guide the orphans' court because appellee will immediately seek to amend after our remand of the case. We agree with appellant that it is desirable to address this issue. In light of the amendment to Rule 6–434(d), allowing the orphans' court to modify the issues transmitted, the logical next step for appellee on remand would be an attempt to amend his petition to caveat to include undue influence.

Our decision on this issue again is controlled by *Elliott*. In *Elliott* the caveator attempted to amend the caveat petition to add undue influence as an additional ground. The personal representative answered the amended caveat, and denied the allegations of undue influence. The Court of Appeals held that Md.Code (1974), § 5–207 of the Estates and Trusts Article "prohibited the caveators from filing the [a]mended [c]aveat [adding undue influence] because it was not filed within six months after the appointment of the personal representative." *Elliott*, 291 Md. at 80, 432 A.2d 473.

In a case decided three years later, *Durham v. Walters*, 59 Md.App. 1, 474 A.2d 523 (1984), we quoted Judge Philip L. Sykes regarding the jurisdictional problem created by a failure to file timely the proper petition:

'The language of the statute is imperative, and deprives the Orphans' Court of jurisdiction to entertain an objection made after the expiration of the year.'

*Id.* at 8, 474 A.2d 523 (Philip L. Sykes, *Contest of Wills in Maryland* (1941) § 3, at 4). Based on Sykes, as well as the history and language of section 5–207 of the Estates and Trusts Article, the Court concluded: "[T]he provision ... precludes the consideration of a belated caveat after a fixed lapse of time." *Id.* at 9, 474 A.2d 523. Citing *Elliott,* we also concluded: "In identical fashion, the time constraints of [s]ection 5–207 prohibit the belated filing of an amended caveat." *Id.* In light of *Elliott* and *Durham,* we are constrained to rule that the caveat petition cannot be amended to add undue influence as an additional ground for relief because more than six months have elapsed since the appointment of the personal representative.

For these reasons, we remand the case to the orphans' court with instructions to strike the issue of undue influence, and proceed to transmit the original two issues to the circuit court.

**JUDGMENT REVERSED. CASE REMANDED TO THE ORPHANS' COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.**