DOROTHY L. SOLE *v.* PERRY E. DARBY AND
JEAN M. HORSEMAN, CO-PERSONAL
REPRESENTATIVES OF THE ESTATE OF
ANNA E. HORSEMAN

[No. 1686, September Term, 1981.]

*Decided July 14, 1982.*

The cause was argued before MOYLAN and LISS, JJ., and J.
FREDERICK SHARER, Associate Judge of the Fourth Judicial
Circuit, specially assigned.

*Stanley H. Miller,* with whom were *Harvey K. Maizels*
and *Goldstein & Miller* on the brief, for appellant.

*Charles E. Brooks* for appellees.

LISS, J., delivered the opinion of the Court.

On August 31, 1979, Perry E. Darby and Jean M. Horseman (a/k/a Jean M. Karp), the appellees herein, were appointed personal representatives of the estate of Anna E. Horseman, who died on August 16, 1979, leaving a purported last will and testament. The Maryland Code (1974) Estates and Trusts Article, § 7-103 (a) provides in pertinent part for publication of a notice of appointment as follows:

> (a) *Publication.* — After the appointment of a personal representative, the register shall have a notice of the appointment published in a newspaper of general circulation in the county of appointment once a week in three successive weeks, announcing the appointment and address of the personal representative, and notifying creditors of the estate to present their claims. The personal representative shall file or have filed with the register a certification that a notice has been published.

> Subsection (b) states the form of the notice is required to be substantially as follows:

> TO ALL PERSONS INTERESTED IN THE ESTATE OF . . . . . . . .

> This is to give notice that the undersigned, . . . . . . whose address is . . . . . . . . . . . . . . was, on . . . . . appointed personal representative of the estate of . . . . . . . who died on . . . . . . . . . (with) (without) a will.

> All persons having any objection to the appointment (or to the probate of the will of the decedent) shall file the same with the register of Wills on or before six months from the date of the appointment.

> All persons having claims against the decedent must present their claims to the undersigned, or file them with the Register of Wills· on or before six months from the date of appointment.

> Any claim not filed on or before that date, or any extension provided by law, is unenforceable thereafter.

. . . . . . . . . . . . . . . . . . . . . . . .

Personal representative

The Register of Wills Office of Baltimore County in the normal course of its duties caused to be published in the Dundalk Eagle, a local newspaper, the notice of appointment which stated that ". . . All persons having any objections to such appointment (or to the probate of the Decedent's Will) shall file the same with the Register of Wills of Baltimore County on or before March 3, 1980 (6 months from the date of such appointment) . . ." The appellant, Dorothy L. Sole, a resident of North Carolina, is the daughter of the deceased and the sister of Jean M. Karp. She was listed on the "list of all persons interested in the estate of Anna E. Horseman" and provided with a copy of the publication on September 14, 1979, in the normal course of business by the Register of Wills Office of Baltimore County. On March 3, 1980, appellant filed a caveat to the will in the Orphans' Court of Baltimore County alleging fraud, undue influence and lack of testamentary capacity in the decedent. Appellees moved to dismiss the caveat on the ground that it had not been filed within six months from the date of the appointment of the personal representatives. The Orphans' Court, by an order dated September 5, 1980, dismissed the caveat on the ground that it had not been timely filed. It later developed that a copy of that order was not furnished to the appellant and the effective date of the order of dismissal was changed to December 18, 1980. Appellant filed an appeal to the Circuit Court for Baltimore County where the matter came on for hearing on October 13, 1981.

After hearing argument from counsel, the trial judge concluded that the six month filing period mandated by the Maryland Code (1974) Estates and Trusts Article, § 5-207 (a) had expired on February 29, 1980. The judge thereupon affirmed the order of the Orphans' Court. It is from that judgment that this appeal was filed.

The issues to be determined by this appeal are as follows:

1. Is the statutory bar of six months established by Maryland Code (1974), Estates and Trusts Article, § 5-207 (a) mandatory?

2. Do the principles of waiver and estoppel toll or otherwise interrupt the statutory bar of the six month filing period where the caveatees caused their notice of appointment to contain an ambiguous filing deadline upon which the caveator relied to her detriment?

1. and 2.

Maryland Rule 8 (a) is the pertinent rule which sets out the manner of computation for determining any period of time prescribed by the Rules, an order of court, or any applicable statute. The formula for computation was discussed by the Court of Appeals in *Yingling v. Smith,* 259 Md. 260, 269 A.2d 612 (1970). Section 5-207 (a) of the Estates Article in pertinent part is as follows:

> (a) *Filing petition to caveat.* — Regardless of whether a petition for probate has been filed, a verified petition to caveat a will may be filed at any time prior to the expiration of six months following the first appointment of a personal representative under a will, even if there be a subsequent judicial probate or appointment of a personal representative.

Applying Maryland Rule 8 (a) and the interpretation of the formula for computation set out in *Yingling, supra,* both the appellant and the appellees agree that the last date of the six month filing period would have expired on the 29th day of February 1980, and the caveat was not filed until March 3, 1980.

Appellant, however, contends that the trial judge erred when he held that the six month filing provision of § 5-207 (a) of the Estates Article was mandatory and that the provisions of the statute could not have been tolled or otherwise

interrupted by waiver and estoppel. Appellant urges that the statutory bar against the filing of a caveat after the six month period is not necessarily immutable. She offers in support of this contention two cases which illustrate that contention — *Bertonazzi v. Hillman,* 241 Md. 361, 216 A.2d 723 (1966) and *Chandlee v. Shockley,* 219 Md. 493, 150 A.2d 438 (1959).

*Chandlee v. Shockley, supra,* involved a tort claim against the estate of a decedent that had not been filed within the six month period mandated by Maryland Code (1957) Article 93, § 112. The Court found that the administratrix, by promising to settle the case, had induced the claimant to delay the filing of the suit beyond the six month filing period. When suit was filed, the administratrix invoked the protection of the statutory bar.

Judge Hammond, speaking for a majority of the Court, discussed whether there could be waiver and estoppel as to a statute in which the time proviso was part of the right and not merely a limitation of the remedy.

The Court stated that "[i]n an ordinary statute of limitation, the remedy may be waived. On the other hand, most courts have held that if the statute creates a new cause of action with a time limit as a condition precedent, such limit cannot be extended by waiver or estoppel." 219 Md. at 498. It is clear to us that in this case the statutory time limit is merely a limitation on the remedy.

To the same effect is the case of *Bertonazzi v. Hillman, supra,* a case in which a claimant filed suit within the six month period allowed by statute but chose the wrong forum. By the time the error was noted the six month statutory period had expired. The Court of Appeals, in discussing the effect of the expiration of the six month period, stated:

> Statutes of limitations are designed primarily to assure fairness to defendants on the theory that claims, asserted after evidence is gone, memories have faded, and witnesses disappeared, are so stale as to be unjust. The six-month statute of limitations in suits against executors or administrators has the

added purpose of requiring claimants seeking damages resulting from the negligence of a decedent to make claim by suit within six months so that the personal representative of the decedent can make the prompt settlement of the estate contemplated by the law without liability for claims not filed within the time and in the manner prescribed. *Chandlee v. Shockley,* 219 Md. 493, 502. [241 Md. at 367].

The Court thereupon held that the filing of the original suit in the improper jurisdiction tolled the six month period of limitations and that the subsequent filing in the proper jurisdiction within the six month period allowing for the tolled period was sufficient to comply with the statutory requirement.

It is correct that the *Chandlee* and *Bertonazzi* cases, *supra,* concerned themselves with a different section of the Code, specifically Maryland Code (1957) Article 93, § 112, the forerunner of Maryland Code (1974) Estates and Trusts Article § 8-103 (a), but we see no reason why the principles enunciated in those cases do not equally apply to § 5-207 (a) of the Estates Article, which is the section involved in the case at bar.

It is clear in this case that somebody "goofed." It is equally clear that it was not the appellant. She received at her home in North Carolina by certified mail a photocopy of the notice of appointment which everyone, including the trial judge, agreed was a confusing and ambiguous notice. The notice was not in conformity with the form suggested by the Estates Article, § 7-103 (b), *supra,* which clearly states that "[a]ll persons having any objection to the appointment [of named personal representatives] (or to the probate of the will of the decedent) shall file the same with the Register of Wills on or before six months from the date of the appointment." The actual notice received by the appellant notified her that she was required to file her objections with the Register of Wills by March 3, 1980, and in parentheses, within six months from the date of appointment, which date

also appeared in the notice.[1] While we agree with the trial judge that the six month period of limitation stated in § 5-207 (a) is mandatory under normal circumstances, we do not agree that in a case such as the one at bar, the rigid adherence to its terms is mandated.

We conclude that under the circumstances of this case the principles of waiver and estoppel do apply in that the personal representatives gave the caveator an ambiguous notice upon which she relied to her detriment.

*Order reversed, costs to be paid by appellees.*

---

[1]. It is clear to us that the confusion and ambiguity in this case are chargeable to the Register of Wills, who was acting on behalf of the personal representatives. We note that while the appellees seek to charge the appellant with notice, an apparent ambiguity existed on the face of the notice. One of the appellees, who is a member of the bar, failed to detect the defect and signed the notice without any objection. To require greater diligence from the appellant than from the Register of Wills or the personal representatives would, in our opinion, lead to an unduly harsh result.