474 A.2d 523

Paul DURHAM et al.

v.

Henry P. WALTERS, Personal Representative of the Estate of Orville Oscar Outten.

No. 653, Sept. Term, 1983.

Court of Special Appeals of Maryland.

May 7, 1984.

2

B. Randall Coates, Berlin, with whom were Coates, Coates & Coates, Berlin, on the brief, for appellants.

Joseph G. Harrison, Jr., Ocean City, with whom were Williams, Hammond, Moore & Shockley, P.A., Ocean City, on the brief, for appellee.

Argued before WILNER, WEANT and GARRITY, JJ.

GARRITY, Judge.

Paul Durham and others (the appellants), who are heirs at law of Orville Oscar Outten, appeal from an order of the Circuit Court for Worcester County granting a motion to dismiss caveat proceedings. The circuit court held that, in the absence of fraud, heirs at law could not challenge the will of the decedent by filing a petition to caveat the will more than six months following the first appointment of a personal representative under the will.

On appeal, the appellants present the following questions:

1. Whether the provisions of the Maryland Estates and Trusts Code Ann. § 5–207(a) are mandatory in that, under no circumstances, can a petition to caveat be filed after the expiration of six months following the first appointment of a personal representative.

2. Whether the notice requirements of Maryland Estates and Trusts Code Ann. § 2–210, when "Lists of Interested Persons" provided pursuant to Section 7–104 is inaccurate or incomplete, satisfies the procedural due

process requirement of the Fourteenth Amendment to the United States Constitution.

For the reasons set forth in this opinion, we hold that the circuit court did not err in dismissing the appellants' petition to caveat.

## Statement of the Facts

Orville Oscar Outten (the decedent) lived and worked in Pocomoke City, Worcester County, Maryland for most of his adult life. He was the owner of several large tracts of real estate in Worcester County. Mr. Outten never married and had no children; his parents and only brother predeceased him.

On May 29, 1980, while hospitalized for a lengthy illness in Peninsula General Hospital, Orville Outten executed his last will and testament. In this holographic will, the decedent devised all of his estate to one Nora V. Windsor for the term of her natural life, and after her death to Larry G. Sterling. These persons were not related to the decedent. The will was witnessed by Susan L. Peacock and Henry P. Walters. Mr. Outten died on July 3, 1980. The will was admitted to administrative probate on July 7, 1980, and on that day, Mr. Walters, an attorney in Pocomoke City, who had known the decedent and the decedent's family for over fifty years, was appointed personal representative.

Pursuant to his duties as personal representative, Mr. Walters delivered the will to the Register of Wills for Worcester County, and filed a petition for probate in the Orphans' Court. He also furnished the court with a list of the names and addresses of the heirs and legatees of the decedent, to the extent known to him. Notices were duly sent by the Register of Wills to those individuals named by Mr. Walters. Notice of the appointment of Henry P. Walters as personal representative and of the probate of the decedent's will, was published in a newspaper of local distribution. Through that notice, all persons having any objection to the appointment or the probate of the will were

notified of their requirement to file their objections with the Register of Wills on or before January 7, 1981. The notice also informed claimants that any claim not so filed on or before January 7, 1981, or any extension thereof as provided by law, would be unenforceable thereafter.

On October 16, 1981, the appellants, Paul Durham and twenty-six other persons, identifying themselves as issue of the decedent's maternal and paternal grandparents, filed a petition and caveat in the Orphans' Court of Worcester County. By this petition, the appellants asserted that as notice of the probate had not been sent to any of the issue of decedent's grandparents, the order of the Orphans' Court which admitted the decedent's alleged will to probate should be annulled, and that the letters testamentary granted to Henry B. Walters should be revoked. An amended petition and caveat was filed on November 13, 1981 by the appellant Paul Durham. The amendment brought the total number of caveators to thirty-nine heirs at law of the decedent.

Petitioners asserted that the will was invalid because it was not signed by the decedent or witnessed by two people in the decedent's presence; that it was not read by or to the decedent before its execution; and that it was procured by undue influence. All of these allegations were denied by the personal representative who further answered that he had delivered to the Register of Wills all names and addresses of the decedent's heirs known to him. The personal representative also asserted that the petition and caveat was not timely filed pursuant to Md. Est. & Trusts Code Ann., § 5-207.

On December 15, 1981, the Orphans' Court ordered that the administrative probate in the case be set aside and replaced by a judicial probate. Mr. Walters opposed the judicial probate in a petition to dismiss the caveat proceedings. This petition was denied by the Orphans' Court and appeal was taken to the circuit court.

A hearing was held in the Circuit Court for Worcester County on July 8, 1982. At this hearing, Mr. Walters

testified that he was very familiar with the Outten family, having known the decedent for more than fifty years. The personal representative related his knowledge that the decedent's mother and father and only brother had predeceased the decedent, and that three aunts of the decedent had survived him. The personal representative further stated that to the best of his knowledge as of July 7, 1980, he knew of no other relative of the decedent. There was no testimony or evidence whatsoever that the personal representative failed to act with due diligence in attempting to ascertain the existence of heirs beyond those known to him.

On March 30, 1983, the Circuit Court for Worcester County issued its opinion and order in the case. By this order, the court granted the petition of the personal representative to dismiss the amended petition and caveat of the decedent's purported heirs at law.

I. *Six Month Filing Period in Caveat Proceedings*

Maryland Estates and Trusts (Est. & Trusts) Code Annotated, § 5–207 (1974) sets forth in pertinent part:

(a) *Filing petition to caveat.*—Regardless of whether a petition for probate has been filed, a verified petition to caveat a will may be filed at any time prior to the expiration of six months following the first appointment of a personal representative under a will, even if there be a subsequent judicial probate or appointment of a personal representative.

Applying the pertinent statute, Md.Code Ann. Art. 94, § 2, which sets out the manner of computation for determining any period of time prescribed by statute, the six month filing period under Section 5–207(a) for an estate in which the personal representative was named on July 7, 1980, would have expired on January 7, 1981.

The appellants, however, contend that there are exceptions to the provisions of Section 5–207(a) which should permit the filing of caveats against a will more than six

months after the first appointment of a personal represent-
ative.

The appellants present a three-fold argument in favor of
their contention. First, the appellants assert that the lan-
guage of the statute itself is "not imperative on its face"
and that arguably, the Orphans' Court is "not deprived of
jurisdiction to entertain a petition to caveat made after the
expiration of six months." Second, the appellants assert
that the statute should not operate to their detriment in this
case because the personal representative's failure to notify
the decedent's heirs constitutes "a fraud, innocent or other-
wise", that should preclude the personal representative
from invoking the limitation set forth in Section 5–207 to
the detriment of the legal heirs. Finally, the appellants
assert that "in certain circumstances the otherwise manda-
tory provisions of Section 5–207 can be interrupted by the
principles of waiver and estoppel."

We shall examine each of these three contentions *seri-
atim.*

### a. *Statutory Language*

Prior to 1894, it was the established law of Maryland that
a lapse of time would not exclude the inquiry into whether a
certain paper constituted the will of a decedent. *Emmert v.
Stouffer,* 64 Md. 543, 559, 6 A. 177 (1886); *Clagett v.
Hawkins,* 11 Md. 381, 387 (1857). Nearly a century ago,
however, the Legislature enacted Chapter 405 of the Acts
of 1894. This statute provided in pertinent part that:

No will, testament, codicil or other testamentary paper
shall be subject to caveat or other objection to its validity
after the expiration of three years from its probate.

The Court of Appeals first interpreted this statute in
*Garrison v. Hill,* 81 Md. 551, 32 A. 191 (1895). The Court
held that the new statute would act as a bar to belated
caveat proceedings against wills probated after the passage
of the Act. Judge Boyd, speaking for the Court of Appeals,
explained the purpose of the statute as follows:

The statute is a very important one. Great injustice was possible to be done to devises [sic] and legatees, as well as to testators themselves, by permitting caveats to be filed at any time, however long after the probate of wills. Designing parties could wait until the death of those familiar with the circumstances under which a will was executed before proceeding against it, and other dangers suggest themselves under the former practice in this State. The Legislature had, therefore, wisely undertaken to limit the time within which wills can be attacked. *Garrison v. Hill,* 81 Md. at 555–556, 32 A. 191.

By Chapter 357 of the Acts of 1933, codified at Maryland Code, Art. 93, § 352, the Legislature reduced the statutory time limitation for the filing of caveats to one year. The language of the section, however, remained otherwise unchanged. Commenting on this statute, Judge Philip L. Sykes, in his treatise, *Contest of Wills in Maryland* (1941), § 3 at p. 4 stated, "The language of the statute is imperative, and deprives the Orphans' Court of jurisdiction to entertain an objection made after the expiration of the year."

A subsequent amendment to the statute reduced the period of time from one year to six months. Acts of 1957, Chap. 173, codified at Maryland Code, Art. 93, § 375. In Section 375, however, the mandatory language of the statute limiting jurisdiction was maintained. *"No will or codicil shall be subject to caveat* or other objection to its validity at the expiration of six months from its probate." (Emphasis added).

As the appellants note in their brief, the present statute, based on the language of the 1969 amendment, Acts of 1969, Chap. 3, no longer contains the mandatory term "shall". Rather, the statute now states "a verified petition to caveat a will *may* be filed any time prior to the expiration of six months...." Section 5–207. The appellants assert that this change in the language of the statute indicates that the Orphans' Court is no longer deprived of

jurisdiction to entertain a petition to caveat filed after the expiration of six months.

■ The language of Section 5–207 is unambiguous and permits only one possible interpretation. We conclude that the provision, like its predecessors, precludes the consideration of a belated caveat after a fixed lapse of time. *Meyer v. Henderson*, 88 Md. 585, 593, 41 A. 1073, *on motion for reargument*, 42 A. 241 (1899). The 1969 amendment to Section 5–207, changing the language of the statute from "shall" to "may" merely clarified the form of the statute without affecting its substance. Read in its complete context, the statute continues to require that a caveat be filed, if an interested party chooses to contest a will, no later than six months after the first appointment of the personal representative.

■ The provision also serves to confer jurisdiction upon the Orphans' Court over such proceedings. It is, therefore, not a statute of limitations in the usual sense of the term. 3 Bowe-Parker: *Page on Wills,* § 26.48 at 103 (rev. ed. 1961). Rather, Section 5–207 divests the Orphans' Court of its jurisdiction to entertain a caveat filed after more than six months from the first appointment of a personal representative. *Schlossberg v. Schlossberg,* 275 Md. 600, 625, 343 A.2d 234 (1975); *Meyer, supra.* In identical fashion, the time constraints of Section 5–207 prohibit the belated filing of an amended caveat. *Elliott v. Maryland National Bank,* 291 Md. 69, 79–80, 432 A.2d 473 (1981).

■ We hold that the Circuit Court for Worcester County did not err in ruling that because the personal representative of the estate of Orville Oscar Outten was first appointed on July 7, 1980, the Orphans' Court lacked jurisdiction to entertain a caveat filed after January 7, 1981.

b. *Fraud Against the Heirs at Law*

■ In their amended petition and caveat, the appellants allege that no notice of the administrative probate of the estate of Orville Oscar Outten was sent to any of the issue

of the decedent's paternal grandparents "who were entitled to receive notice of the proceedings."

The decedent's personal representative, the appellee, answered the caveators' allegation stating that he had no knowledge of the existence of the issue of the decedent's grandparents and that he delivered to the Register of Wills for Worcester County "the names and addresses of the heirs and decedents to the extent known to him." He further replied that notice of his appointment was published once a week for three consecutive weeks in a newspaper of general circulation.

At the circuit court hearing held on July 8, 1982, the Register of Wills testified that she had no reason to believe that the appellee knew of any other heirs at law whom he should notify.

The appellee, Henry P. Walters, testified that as of July of 1980, he knew of no other relatives of the decedent with the exception of the decedent's aunts. The appellee only learned of the existence of these aunts through information provided by Orville Outten. He stated that he was unaware that the decedent's father had brothers and sisters, although he personally knew the decedent's parents.

On appeal, the appellants renew the argument which they made to the circuit court, i.e., because the personal representative was required to notify the decedent's heirs and legatees, the failure of the appellants to receive notice constitutes "a fraud, innocent or otherwise, against those heirs." The circuit court quickly disposed of this contention by declining to find that the personal representative committed any fraud upon the decedent's heirs at law. We reach the same conclusion.

Maryland Estates & Trusts Code Ann. §§ 2–210 and 7–104 set forth the personal representative's obligations regarding notice to heirs and legatees. These provisions state in pertinent part:

§ 2–210. Personal notice to heirs and legatees.

Within five days after receiving the text of the first published newspaper notice as provided in § 7–103 and the written notice from the personal representative of the names and addresses of the heirs and legatees as provided in § 7–104, the register shall forward to each such person a copy of the newspaper notice published according to § 7–104, in the manner prescribed in § 1–103(a), directed according to the information received from the personal representative.

§ 7–104. Personal notice to heirs and legatees.

(a) *General.*—Not later than 20 days after his appointment the personal representative shall deliver to the register the text of the first published newspaper notice of his appointment and shall advise the register of the names and addresses of the heirs of the decedent and of the legatees *to the extent known by him,* so that the register may issue the notices provided in § 2–210. (emphasis added).

The unrefuted testimony of the Register of Wills and the personal representative completely supports the circuit court's determination that the appellee did not perpetrate a fraud upon the appellants. Rather, the evidence presented in this case clearly reveals that the appellee satisfied the requirements of Sections 2–210 and 7–104(a) by notifying the Register of all of the decedent's heirs that were known to him. The law requires nothing more.

Undeterred, the appellants assert that the "inaccuracy or misstatement" of the personal representative should not work to their detriment, but rather that the operation of the estates statute should be suspended because of the appellee's "failure... to provide the Orphans' Court with the names of the heirs at law." The appellants boldly contend that Md. Est. & Trusts Code Ann., § 5–304 (1974 repl. vol., 1983 cum. supp.) "provides a statutory scheme to short circuit" the time constraints imposed by Section 5–207.

Section 5–304(a) provides that actions taken after administrative probate "shall be final and binding as to all interest-

ed parties" unless a request for judicial probate is properly filed within six months of the administrative probate. Section 5–304(b) enumerates certain narrow exceptions by which administrative probate may be set aside and judicial probate instituted if:

> [F]ollowing a request by an interested person *within 18 months of the death of decedent, the* court finds that:
>
> (1) The proponent of a later offered will, in spite of the exercise of reasonable diligence in efforts to locate any will, was actually unaware of the existence of a will at that time of the prior probate;
>
> (2) The notice provided in § 2–210 was not given to such interested person nor did he have actual notice of the petition for probate; or
>
> (3) There was *fraud, material mistake, or substantial irregularity* in the prior probate proceeding. (emphasis added).

The Court of Appeals in *Schlossberg*, 275 Md. at 619, 343 A.2d 234, explicitly rejected a party's argument that Section 5–304, which controls the finality of action regarding administrative probate, created an exception to the jurisdictional time limitation for filing a caveat. The Court held instead that "the section merely fixes a time within which an action taken during administrative probate shall be considered 'final and binding'."

■ On the authority of *Meyer* and *Schlossberg*, we hold that the time constraint for the filing of caveats imposed by Section 5–207(a) is neither tolled nor extended in the absence of fraud, material mistake or substantial irregularity. Were the law otherwise, then the six month period in which to file a caveat would be meaningless because any unknown heir could mount an attack at any time by averring lack of notice.

### c. *Waiver and Estoppel*

■ After the judicial probate hearing in this case, but prior to the filing of the circuit court's opinion and order,

this Court held in a separate case that the equitable principles of waiver and estoppel may be applied to toll or otherwise interrupt the mandatory time constraint imposed by Section 5–207. *Sole v. Darby*, 52 Md.App. 218, 447 A.2d 506 (1982). We concluded in *Sole* at 224, 447 A.2d 506 that when confusion and ambiguity in the publication of a notice of appointment was chargeable to the Register and resulted in the caveatrix filing her caveat six months and four days after the appointment of a personal representative, rigid adherence to the terms of Section 5–207 would lead to an unduly harsh result.

Although the appellants failed to raise the issues of waiver and estoppel before the lower tribunals, they request this Court to apply the holding of *Sole v. Darby* to the present case. We decline to do so. The equitable issues are clearly beyond the scope of our review because they were not decided by the court below. Md. Rule 1085.

For the benefit of the parties, however, we shall, as dicta, distinguish the circumstances of the present case from those in *Sole v. Darby*. In *Sole*, the Register of Wills notified the decedent's daughter of her mother's death, but misinformed the daughter as to the deadline for filing a caveat. Relying on this information, the daughter failed to file her caveat until shortly after the expiration of the six-month time constraint of Section 5–207. Reversing the dismissal of the caveat, this Court specifically exonerated the caveatrix from any fault in the belated filing. *Sole v. Darby*, 52 Md.App. at 223, 447 A.2d 506.

In contrast to the conduct of the caveatrix in *Sole*, the appellants in the present case were at fault by failing to file their caveat for over 15 months after due notice of the appointment of the decedent's personal representative had been provided by publication. In fact, although the record does not indicate when the appellants first learned of the decedent's death, the pleadings reveal that several of the appellants live in Worcester County where the notice had been published.

Discussing the operation of the present statute's lineal predecessor, Judge Sykes, in his treatise, *Contest of Wills in Maryland,* § 3 at 4–5 (1941), stated:

> A person is charged with the knowledge that the law gives him a right to caveat a will, *Johnston v. Schmidt,* 158 Md. 555, 557, 572, 149 A. 283 [1930], and the statute makes no exception in favor of relatives unaware of the probate. *Bowen's Estate* [190 A. 674], 140 A.2d 674, 172 Md. 698 [1937].

In this case, with no evidence that the decedent's death was fraudulently concealed from the appellants, the equitable doctrine of laches would surely bar any application of waiver or estoppel in the appellant's favor. *Johns Hopkins Hospital v. Lehninger,* 48 Md.App. 549, 568–570, 429 A.2d 538 (1981); See *Kent v. Mercantile-Safe Deposit Co.,* 225 Md. 590, 171 A.2d 723 (1961) affirming the denial of a belated petition to revoke letters testamentary because of the petitioner's "acquiescence."

## II. *Constitutional Requirements of Notice*

On the assumption that the decedent's personal representative may have fully complied with the Maryland estates article regarding notice, the appellants attack the law itself as being "violative of the procedural due process requirements" of the Fourteenth Amendment to the U.S. Constitution.

 The Due Process clause of the Fourteenth Amendment requires that a State provide

> [N]otice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Although individuals undeniably possess a right to be informed of matters pending in which they have an interest, we must also be cognizant of the vital interest of the State in

bringing issues to a final settlement. Where further notice is not reasonably possible or practical under the circumstances because of the cost or difficulty of investigation into the status of unknown parties, the requirements of due process may be satisfied by publication. *Mullane*, 339 U.S. at 317–318, 70 S.Ct. at 658–659; *James v. Zantzinger*, 202 Md. 109, 114, 96 A.2d 10 (1953). Any stricter interpretation of the Fourteenth Amendment would create obstacles in the path of litigants and impose severe burdens on the judicial system without concommittant benefits.

We hold that the notice requirements of Md. Est. & Trusts Code Ann., §§ 2–210 and 7–104 are not violative of due process.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY THE APPELLANTS.