708 A.2d 296

Richard ANDERSON

v.

Jean ANDERSON.

No. 92, Sept. Term, 1997.

Court of Appeals of Maryland.

April 14, 1998.

Ellen D. Pattin, Olney, for petitioner.

Brenda S. Fishbein (Alan Fishbein, Fishbein & Fishbein, P.A., Ellicott City, and C. William Michaels, Baltimore, on brief), Ellicott City, for respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, RAKER, WILNER and CATHELL, JJ.

CHASANOW, Judge.

In the instant case we are called upon to determine whether a noncustodial parent is entitled to a dollar-for-dollar credit against his or her child support payments for Social Security benefits received directly by his or her minor children from the United States government as a result of his or her retirement. Because we hold that there was no final judgment in the circuit court in this case, we do not reach the substantive issue presented.

## I.

Petitioner, Richard D. Anderson, and Respondent, Jean D. Anderson, married and had three children together. In 1992, they separated, and their divorce was final on December 15, 1992. At the time of their divorce, the combined income of both Petitioner, $113,000, and Respondent, $70,000, exceeded the child support guidelines set forth in Maryland Code (1984, 1991 Repl.Vol., 1997 Supp.), Family Law Article, § 12–204.[1] The divorce decree incorporated a prior agreement between

---

1. Within the guidelines, "[t]here is a rebuttable presumption that the amount of child support which would result from the application of the child support guidelines set forth in [Maryland Code (1984, 1991 Repl.Vol., 1997 Supp.), Family Law Article, § 12–204] is the correct amount of child support to be awarded." Md.Code (1984, 1991 Repl. Vol., 1997 Supp.), Family Law Art., § 12–202(a)(2). According to Md. Code (1984, 1991 Repl.Vol., 1997 Supp.), Family Law Art., § 12–204(d), however, if the combined adjusted actual income of the parents "exceeds the highest level specified in the schedule ..., the court may use its discretion in setting the amount of child support."

the parties which, *inter alia*, required Petitioner to pay Respondent $600 per month, per child (for a total of $1800 in child support per month).

Petitioner, who has a degree in business administration, had 13 years of active duty in the Air Force and was employed as a contract specialist for the National Security Agency until he was 55. He then worked for Martin Marietta, then Ford Aerospace, and lastly LORAL. In September of 1994, after the divorce, Petitioner retired from LORAL rather than be laid off as part of the company's downsizing. Prior to his retirement, Petitioner earned $116,000 per year. After his retirement, Petitioner earned $67,269 per year, part of which was $7,368 in Social Security benefits.

At the time of Petitioner's retirement, his children also became eligible for Social Security benefits in the amount of $354 per month. This amount was later increased to $507 per month. These payments were made directly to the children and do not in any way reduce Petitioner's own Social Security benefits or payments. Nonetheless, when the children began receiving payments from Social Security, Petitioner petitioned to modify and decrease his portion of the child support. Before a decision could be rendered with respect to the modification, Petitioner unilaterally began reducing the amount of his child support payments by the amount of Social Security benefits the children were receiving.

Respondent then filed a petition to hold Petitioner in contempt for failure to pay the full amount of child support required by the divorce decree. The matter was referred to a master who issued her report and recommendations on September 21, 1995. These recommendations included a decrease in the amount of child support from $1800 per month to $1412 per month beginning June 1, 1995. In addition, the master recommended that Petitioner be ordered to pay $200 a month toward arrears totaling $3683 as of September 11, 1995. Petitioner filed exceptions to the master's report and recommendations. After a hearing on September 10, 1996, the circuit court judge, in a Memorandum and Order dated Octo-

ber 30, 1996, denied Petitioner's exceptions, holding, *inter alia*, that the amount of Social Security benefits being paid directly to the children is "indisputably an amount available in direct reduction of the basic child support obligation.... That fairly and equitably reduces the amount of the child support obligation on both parents and simply requires the balance to be paid in proportion to their incomes."

Because no work sheet could be found documenting how the master came to her recommendations, however, the matter was remanded to the master "to conduct any further hearing she feels is appropriate in view of the holdings in this Memorandum and Order and to submit a new Written Report and Recommendation with completed work sheet and any new arrearage computation." The master made no further recommendations because Petitioner filed a notice of appeal. In a reported opinion, the Court of Special Appeals held that "such benefits do not offset the obligor parent's child support obligation as a matter of law," but instead, a trial court may take "such payments into consideration in determining whether to deviate from the guidelines in any particular case." *Anderson v. Anderson*, 117 Md.App. 474, 476, 700 A.2d 844, 845 (1997). This Court granted a writ of certiorari.

## II.

Appellate jurisdiction, with a few narrow exceptions not relevant here, is limited to review of final judgments. *See* Md.Code (1974, 1995 Repl.Vol.), Courts & Judicial Proceedings Art., § 12–301; Maryland Rule 2–602; *Rohrbeck v. Rohrbeck*, 318 Md. 28, 41, 566 A.2d 767, 773 (1989); *WSSC v. Riverdale Fire Co.*, 308 Md. 556, 560, 520 A.2d 1319, 1321 (1987) (noting that "[a]ppellate jurisdiction requires a final judgment or an appealable interlocutory judgment"). "The policy underlying this rule is that piecemeal appeals are disfavored." *Frey v. Frey*, 298 Md. 552, 555–56, 471 A.2d 705, 707 (1984); *see also Lewis v. Lewis*, 290 Md. 175, 180, 428 A.2d 454, 457 (1981). Maryland Rule 2–602 states that "an order ... that adjudicates fewer than all of the claims in an action ... is not a final judgment." *See Mattingly v. Shifflett*, 327 Md. 337, 343, 609

A.2d 329, 332 (1992). In order to constitute a final judgment, a "ruling must necessarily be unqualified and complete, except as to something that would be regarded as collateral to the proceeding. It must leave nothing more to be done in order to effectuate the court's disposition of the matter." *Rohrbeck,* 318 Md. at 41, 566 A.2d at 774.

■ Here, the circuit court judge remanded the case to the master because no work sheet could be found documenting how the master came to the amount she had recommended. The remand included orders for the master "to conduct any further hearing she feels is appropriate in view of the holdings in this Memorandum and Order and to submit a new Written Report and Recommendation with completed work sheet and any new arrearage computation." It is clear from this that the trial judge anticipated further findings and recommendations from the master before entering a final judgment in the matter. The master, however, took no further action because an appeal was filed in the Court of Special Appeals. Moreover, we note that "[a] master serves at the pleasure of the appointing court and is an officer of the court in which the referred matter is pending." Md.Rule 2–541(a)(3). Thus, the master in this case was part of the circuit court. Consequently, when the trial judge remanded the case to the master, the judge was in essence retaining the case in the circuit court pending further recommendations by the master. Because we conclude that there was no final judgment in this case, we shall dismiss the appeal. We will not address the substantive issues raised in this appeal because we have no jurisdiction to do so. *See Lewis,* 290 Md. at 179, 428 A.2d at 457 ("We may not decide the issue presented if we have no jurisdiction to decide it, notwithstanding the importance of the issue.").

*JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO DISMISS THE APPEAL. COSTS TO BE PAID BY PETITIONER.*